IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK STEPHENSON,

    Petitioner,                                        No. CIV S-05-0776 GEB KJM P

    vs.

R. CAMPBELL, Warden,                       ORDER AND

    Respondent.                               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 and has paid the filing fee.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court.

Petitioner argues that he attempted to present his issues to the Supreme Court by filing a Petition for Review following the Court of Appeal's denial of his habeas petition. He avers he fell into a bureaucratic quagmire when the Supreme Court clerk's office sent him contradictory information about filing requests for relief from default and then ultimately rejected both his petition for review and his requests for relief. Petition, Exs. C (9/16/04 letter), D (9/22/04 application for relief from default), E (letter from Supreme Court characterizing his application as an untimely request for an extension of time), F (second application) & G (10/26/04 letter rejecting petition as untimely).

Petitioner, however, has not explained why he did not seek to file an original petition for a writ of habeas corpus in the California Supreme Court or why such an action is now unavailable to him. See In re Clark, 5 Cal.4th 750, 767 n. 7 (1993); People v. Garrett, 67 Cal.App.4th 1419, 1423 (1998) ("The denial of a petition for writ of habeas corpus is reviewable by means of a petition for writ of habeas corpus."). Accordingly, the petition should be dismissed without prejudice.[2]

On August 2, 2005, petitioner filed a request to hold this case in abeyance while he exhausts "subsequent and related claims to those now pending before this court." However, because the original petition is not exhausted, there is nothing this court can stay while petitioner pursues his related claims in the California Supreme Court. Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1     Accordingly, IT IS HEREBY ORDERED:

2     1. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

5     2. Petitioner's August 2, 2005 request for a stay of proceedings is denied.

6     IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

8     These findings and recommendations will be submitted to the United States District Judge assigned to this case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
step0776.103